**Electronically Filed
Intermediate Court of Appeals
30516
14-JUN-2011
08:27 AM**

NO. 30516

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
LAWRENCE PAI, Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-10-00706)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Lawrence Pai (Pai) appeals the April 9, 2010 Notice of Entry of Judgment and/or Order and Plea/Judgment filed in the District Court of the First Circuit, Honolulu Division (District Court)[1] that convicted him of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(3) (Supp. 2009).

On January 25, 2010, a Complaint was filed charging Pai with OVUII in violation of HRS § 291E-61(a)(1) and/or (a)(3). On April 8, 2010, the date of trial, Pai filed and argued a Motion to Dismiss, asserting that the Complaint failed to allege state of mind, thus failing to state an essential fact and failing to

---

[1] The Honorable William Cardwell presided.

give Pai adequate notice of the charge, and the District Court therefore did not have jurisdiction. The District Court denied the motion. Also on April 8, 2010, the State arraigned Pai on the Complaint. Pai orally renewed his motion to dismiss for lack of subject matter jurisdiction as stated in his written motion, and the District Court noted that it had already denied the motion. Trial proceeded on April 8 and 9, 2010. At the conclusion of trial, the District Court found Pai guilty under HRS § 291E-61(a)(3) and entered its judgment of conviction. This timely appeal followed.

On appeal, Pai contends that the District Court erred in denying his motion to dismiss the charge and in consequently convicting him because the charge failed to specify the applicable state of mind and thus did not state an essential fact necessary for conviction. Pai contends the complaint failed to provide adequate notice of the charge and was inadequate to confer jurisdiction on the District Court.

The State argues that OVUII under subsection (a)(3), the subsection under which Pai was convicted, is a *per se* offense that did not require a state of mind in the charge. The State does not present argument on subsection (a)(1), under which Pai was also charged.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Pai's points of error as follows.

Pai argues that the District Court erred in denying his Motion to Dismiss because the failure to specify the requisite state of mind, required as an essential fact pursuant to Rule 7(d) of the Hawaiʻi Rules of Penal Procedure (HRPP), renders the

2

Complaint defective. Pai was charged in the Complaint with violating HRS § 291E-61(a)(1) and/or (a)(3).[2]

I.  State of Mind under HRS § 291E-61.
    A.  HRS § 291E-61(a)(3) (breath alcohol content) provides for absolute liability.

As to the state of mind requirement for Pai's charge under HRS § 291E-61(a)(3), OVUII determined by alcohol content is an absolute liability offense. State v. Young, 8 Haw. App. 145, 153-154, 795 P.2d 285, 291 (1990);[3] see also H. Stand. Comm. Rep. No. 591, in 1983 House Journal, at 1105; S. Stand. Comm. Rep. No. 999, in 1983 Senate Journal, at 1478.

The state of mind requirements of HRS § 702-204 (1993) do not apply to a crime outside the penal code where a legislative purpose to impose absolute liability plainly appears, and no state of mind is required in the charge. HRS § 702-212 (1993); see also HRS § 701-102(3) (1993) ("[t]he provisions of chapters 701 through 706 of the [Penal] Code are applicable to offenses defined by other statutes, unless the Code otherwise

---

[2] HRS § 291E-61(a) (Supp. 2009) stated:

Operating a vehicle under the influence of an intoxicant. (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

    (1)  While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty;

    (2)  While under the influence of any drug that impairs the person's ability to operate the vehicle in a careful and prudent manner;

    (3)  With .08 or more grams of alcohol per two hundred ten liters of breath; or

    (4)  With .08 or more grams of alcohol per one hundred milliliters or cubic centimeters of blood.

[3] HRS § 291-4, which was the statute at issue in Young, was recodified and reenacted as HRS § 291E-61. See State v. Anger, 105 Hawai'i 423, 425 n.2, 98 P.3d 630, 632 n.2 (2004).

provides" (emphasis and brackets added); see also State v. Kane, 3 Haw. App. 450, 453-54, 652 P.2d 642, 645 (1982).

    **B.    HRS § 291E-61(a)(1) (impairment by alcohol) requires an intentional, knowing, or reckless state of mind.**

        Although OVUII under subsection (a)(3) (breath alcohol content) is an absolute liability offense, OVUII under subsection (a)(1), which requires a showing of impairment, does not reflect the same legislative intent to create an absolute liability offense. Consequently, the state of mind requirements of HRS § 702-204 apply to OVUII under subsection (a)(1). HRS § 701-102(3); see also HRS § 701-102 cmt. (making state of mind requirements applicable to non-Penal-Code statutory offenses). Thus, as no state of mind is specified in HRS § 291E-61(a)(1), the state of mind of intentionally, knowingly, or recklessly would apply.

**II.   State of Mind in the Charge.**

        Irrespective of the state of mind to be proved under HRS § 291E-61(a)(1), whether that state of mind must be alleged in the charging document is a separate matter. The issue of whether a charge contains all essential elements of the offense is reviewed de novo. State v. Wheeler, 121 Hawaiʻi 383, 390, 219 P.3d 1170, 1177 (2009).

        The Wheeler court analyzed a district court case for sufficiency of the charge and stated that "an accusation must sufficiently allege all of the essential elements of the offense charged, a requirement that obtains whether an accusation is in the nature of an oral charge, information, indictment, or complaint." 121 Hawaiʻi at 391, 219 P.3d at 1178 (citation omitted, emphasis added, internal quotation marks and brackets omitted). Wheeler also referenced HRS § 702-205, which specifies the elements of the offense as the conduct, attendant circumstances, and results of conduct. 121 Hawaiʻi at 391-92, 219 P.3d at 1178-79. As determined in State v. Klinge, 92

4

Hawai'i 577, 584 n.3, 994 P.2d 509, 516 n.3 (2000), "under HRS § 702-205, state of mind is not an 'element' of a criminal offense." Nevertheless, state of mind must be proved. See HRS §§ 701-102(3) and 702-204.

Contrary to Pai's claim that state of mind is required in the charge as part of the "essential facts" mandated in HRPP Rule 7(d),[4] "[i]n general, where the statute sets forth with reasonable clarity all essential elements of the crime intended to be punished, and fully defines the offense in unmistakable terms readily comprehensible to persons of common understanding, a charge drawn in the language of the statute is sufficient." State v. Mita, 124 Hawai'i 385, 392, 245 P.3d 458, 465 (2010) (quoting Wheeler, 121 Hawai'i at 393, 219 P.3d at 1180) (emphasis and some brackets added; internal quotation marks and some brackets omitted) (referencing the "plain, concise and definite statement of essential facts" requirement of HRPP Rule 7(d)).

As noted, the language of HRS § 291E-61(a)(1) does not specify the applicable state of mind required for conviction. Looking to the language of the statute in analyzing the sufficiency of a charge can be a determinative factor, and even though the provisions of HRS § 806-28 (1993) are not applicable to district court proceedings, the Hawai'i Supreme Court has similarly relied on the language of the particular criminal statute to determine if state of mind needed to be specified in a charge in district court proceedings. See State v. Yonaha, 68 Haw. 586, 586, 723 P.2d 185, 185-186 (1986); State v. Faulkner,

---

[4] HRPP Rule 7(d) states, in part:

(d) **Nature and Contents.** The charge shall be a plain, concise and definite statement of the essential facts constituting the offense charged. . . . Formal defects, including erroneous reference to the statute, rule, regulation or other provision of law, or the omission of such reference, shall not be ground for dismissal of the charge or for reversal of a conviction if the defect did not prejudice the defendant.

61 Haw. 177, 178, 599 P.2d 285, 286 (1979); State v. Jendrusch, 58 Haw. 279, 281-282, 567 P.2d 1242, 1244 (1977).[5]

Further, in a charge of OVUII under HRS § 291E-61(a)(1), a general intent crime,[6] the state of mind can be inferred without specification in the charge.[7] Consequently, the charge against Pai of OVUII under HRS § 291E-61(a)(1) does not require specification of the state of mind.

Accordingly, the District Court did not err in denying Pai's Motion to Dismiss and consequently convicting Pai.

Therefore, the District Court's April 9, 2010 Notice of Entry of Judgment and/or Order and Plea/Judgment is affirmed.

DATED: Honolulu, Hawai'i, June 14, 2011.

On the briefs:

Timothy I. MacMaster
for Defendant-Appellant

Anne E. Clarkin
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge

---

[5] Although these cases refer to state of mind as an "element," these cases preceded State v. Klinge, 92 Hawai'i at 584 n.3, 994 P.2d at 516 n.3, which clarified that state of mind is not an essential element of an offense.

[6] See Lamore v. State, 983 So.2d 665, 669 (Fla.Dist.Ct. App. 2008); Mollenberg v. State, 907 So.2d 554, 556 (Fla.Dist.Ct.App. 2005); State v. Creamer, 996 P.2d 339, 345 (Kan.Ct.App. 2000).

[7] See Kane, 3 Haw. App. at 457, 652 P.2d at 647-48 ("With a general intent crime, the statement of the act itself implies the requisite intent."); State v. Bull, 61 Haw. 62, 66, 597 P.2d 10, 13 (1979) ("the intent may be inferred from the conduct of the accused and the circumstances and environment of the occurrence"); Territory v. Tacuban, 40 Haw. 208, 212 (1953) ("An allegation of participation or taking part in a gambling game connotes guilty knowledge, and inferentially alleges scienter."); State v. McDowell, 66 Haw. 650, 651, 672 P.2d 554, 555 (1983) ("Both [the carrying firearm charge in Kane and possession of firearm charge in McDowell] are general intent crimes and neither section specifies the requisite general intent to prove the crime.")